**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SALAH ELDEEN GASSI ALI MOHAMED (A No. 249-325-027), | Case No. 1:26-cv-03843-JLT-EPG |
| Petitioner, | ORDER WITHDRAWING REFERENCE TO THE ASSIGNED MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS; AND ORDERING PETITIONER'S IMMEDIATE RELEASE |
| v. | |
| WARDEN OF GOLDEN STATE ANNEX DETENTION FACILITY, et al., | (Doc. 1.) |
| Respondents. | |

Salah Eldeen Gassi Ali Mohamed is a federal immigration detainee proceeding with a pending habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the petition for writ of habeas corpus.

## I.       FACTUAL & PROCEDURAL BACKGROUND

Petitioner a citizen and national of Sudan who entered the United States on or about January 18, 2024, where he was encountered by U.S. Border Patrol agents near Sasabe, Arizona. (Doc. 1 at 7; Doc. 8-1 at 2.) Petitioner was briefly  taken into custody and subsequently released pending the outcome of his immigration proceedings. (*Id*.) On March 15, 2024, Petitioner was issued a Notice to Appear charging him as removable under §§ 212(a)(7)(A)(i)(I) and

212(a)(6)(A)(i) of Immigration and Nationality Act. (Doc. 8-2 at 1.)  On April 10, 2024, Petitioner received an Interim Notice Authorizing Parole. (Doc. 1 at 7.) Petitioner alleges that he has no criminal history, complied with all conditions of his release and appeared for all required immigration court hearings. (*Id*.) Respondents do no contest these assertions or provide any evidence to the contrary.  On December 22, 2025, an immigration judge issued Petitioner an order of removal. (*See* Doc. 8-3.) Petitioner timely filed an appeal with the Board of Immigration Appeals ("BIA").[1] (*See* Doc. 8-4.) On November 19, 2025, ICE officers terminated Petitioner's release and arrested him on the spot during a routine check-in. (*Id*.) Petitioner remains in custody at the Golden State Annex Detention Facility in McFarland, California. (*Id*.)

On May 19, 2026, Petitioner, through counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1.) On June 1, 2026, Respondents filed a response to the habeas petition, arguing that  Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b). (Doc. 8 at 2-3.)

## II.      LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III.      DISCUSSION

Petitioner claims that his ongoing detention without notice and a pre-deprivation hearing before a neutral decisionmaker violated his rights under the Due Process Clause of the Fifth Amendment. (*See generally*, Doc. 1.) To the extent that Respondents substantively address Petitioner's due process argument, they assert that Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b) of the INA and therefore categorically

---

[1] As Petitioner's appeal remains pending, his order of removal is not final. *See* 8 U.S.C. § 1101(a)(47)(B).

ineligible for a bond hearing. (*See generally*, Doc. 8.) Courts nationwide, including this one, have rejected Respondents' legal position and found the DHS policy unlawful. *See e.g., Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Ortiz Donis v. Chestnut*, 1:25-CV-01228-JLT, 2025 WL 2879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *J.E.H.G. v. Chestnut*, No. 1:25-CV-01673-JLT-SKO, 2025 WL 3523108 (E.D. Cal. Dec. 9, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026).

Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner. Therefore, for the reasons stated in this Court's prior orders, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

### IV.   CONCLUSION AND ORDER

1.   The petition for writ of habeas corpus (Doc. 1) is **GRANTED**. Petitioner **SHALL** be **RELEASED IMMEDIATELY**.

2.   Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified[2];

3.   The Clerk of Court is directed to serve Golden State Annex Detention Facility in McFarland, California, with a copy of this Order.

---

[2] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.

5.      The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: June 6, 2026

_____
JENNIFER L. THURSTON
U. S. District Judge